IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:  Jason Earl Bockel<br>Jodi Leigh Bockel<br>9510 Uzzell Road<br>Manvel, TX  77578<br><br>DEBTORS | CHAPTER 13<br><br>CASE NO. 22-30043-H1 |

**MOTION TO DISMISS OR CONVERT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee moves the court to Dismiss or Convert the above-referenced case for the following reasons:

__X__    The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan.

_____    Payments due pursuant to U.S.C. § 1326(a)(1) have not been made.

_____    Debtors failed to appear for the Meeting of Creditors and this constitutes a failure to appear in proper prosecution of the case for purposes of subsequent eligibility under 11 U.S.C. § 109.

_____    The Debtors have not filed their Federal Income Tax return for the following years: . Therefore the Debtors are not able to meet the burden of proving that the Plan complies with 11 U.S.C. § 1322 (a) (2).

_____    The Debtors have caused unreasonable delay that is prejudicial to the Creditors.

_____    Other:

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 22, 2022 AT 9:00 AM IN U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 404, 4TH FLOOR, HOUSTON, TX 77002-0000. IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE DAYS AS FOLLOWS: 1. FILE A RESPONSE WITHIN TWENTY ONE DAYS THAT SHOWS THAT THE ABOVE-CITED DEFICIENCY HAS BEEN CURED, OR 2. FILE A RESPONSE WITHIN TWENTY ONE (21) DAYS THAT SHOWS THAT THE COURT SHOULD ALLOW YOU ADDITIONAL TIME TO CURE THE ABOVE-CITED DEFICIENCY. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND DISMISS OR CONVERT YOUR CASE. IF THE DEFICIENCY IS FOR FAILURE TO FILE TAX RETURNS AND THE CASE IS DISMISSED, YOU WILL NOT BE ALLOWED TO FILE ANOTHER BANKRUPTCY CASE UNTIL ALL OF YOUR RETURNS ARE FILED.**

Wherefore, the Trustee requests that the case be dismissed or converted to Chapter 7 , whichever shall be determined in the best interest of creditors.

Dated: February 22, 2022

/s/ David G. Peake
David G. Peake
Standing Chapter 13 Trustee

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties  (if listed) by mailing a copy of same to the address listed below via first class mail February 22 , 2022.

Electronically signed by
David G. Peake, Chapter 13 Trustee

| | |
|---|---|
| Debtor's Attorney of Record:<br>KEELING LAW FIRM<br>KENNETH A. KEELING ATTORNEY<br>3310 KATY FREEWAY  STE 200<br>HOUSTON, TX  77007 | Debtor:<br>Jason Earl Bockel<br>Jodi Leigh Bockel<br>9510 Uzzell Road<br>Manvel, TX  77578 |
| ACCOUNTY MANAGEMENT SERV<br>6101 BALL RD STE 207<br>CYPRESS, CA  90630 | ACS PRIMARY CARE PHYSICIANS SW PA<br>PO BOX 1123<br>MINNEAPOLIS, MN  55440 |
| AMERICAN CREDIT ACCEPTANCE<br>961 E MAIN STREET<br>SPARTANBURG, SC  29302 | AMOCO FEDERAL CREDIT UNION<br>PO BOX 889<br>TEXAS CITY, TX  77592 |
| BRAZORIA COUNTY ET AL<br>BRAZORIA COUNTY TAX OFFICE<br>111 E LOCUST<br>ANGLETON, TX  77515 | CENTURY ASPHALT LTD<br>c/o TED WALKER THE WALKER LAW FIRM<br>PO BOX 62<br>JASPER, TX  75951 |
| CONNS<br>ATTN: BANKRUPTCY<br>2445 TECHNOLOGY FOREST BLVD BLDG 4 STE 800<br>THE WOODLANDS, TX  77381 | CORDOBA LAW FIRM<br>85 OAK DR SUITE 102<br>LAKE JACKSON, TX  77566 |
| COUNTRY DOOR/SWISS COLONY<br>ATTN BANKRUPTCY<br>1112 SEVENTH AVE<br>MONROE, WI  53566 | CREDIT MANAGEMENT LP<br>6080 TENNYSON PKWY STE 100<br>PLANO, TX  75024-6002 |
| DOMINIQUE VARNER<br>HUGHES WATTERS & ASKANASE LLP<br>1201 LOUISIANA  28TH FLOOR<br>HOUSTON, TX  77002 | ENHANCED RECOVERY CORP<br>8014 BAYBERRY RD<br>JACKSONVILLE, FL  32256 |
| HCTRA-VIOLATIONS<br>PO BOX 4440 DEPT. 11<br>HOUSTON, TX  77210 | IC SYSTEMS INC<br>PO BOX 64378<br>ST PAUL, MN  55164-0378 |
| INTERNAL REVENUE SERVICE***<br>P O BOX 7317<br>PHILADELPHIA, PA  19101-7317 | JPMORGAN CHASE BANK NA<br>NATIONAL BANKRUPTCY DEPARTMENT<br>PO BOX 901032<br>FORT WORTH, TX  76101-2032 |
| JPMORGAN CHASE BANK, N.A. S/B/M/T CHASE BANK, USA, N.A.<br>JPMORGAN CHASE BANK, N.A.<br>PO BOX 15368<br>WILMINGTON, DE  19850 | KEELING LAW FIRM<br>KENNETH A. KEELING ATTORNEY<br>3310 KATY FREEWAY  STE 200<br>HOUSTON, TX  77007 |

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE, SC  29603-0587

MIDNIGHT VELVET
1112 7TH AVE
MONROE, WI  53566

NELNET LOANS
PO BOX 82505
LINCOLN, NE  68501

NELNET ON BEHALF OF COLLEGE ASSIST
PO BOX 16358
ST PAUL, MN  55116

PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
c/o  MELISSA E. VALDEZ
1235 NORTH LOOP WEST, SUITE 600
HOUSTON, TX  77008

PINK DOGWOOD 13, LLC
PO BOX 1931
BURLINGAME, CA  94011

QUANTUM3 GROUP LLC
PO BOX 2489
KIRKLAND, WA  98083

REALVEST SERVICES LLC
2651 PEARLAND PARKWAY, STE 102
PEARLAND, TX  77581

REGIONS BANK DBA ENERBANK USA
ENERBANK USA
1245 EAST BRICKYARD ROAD, SUITE 600
SALT LAKE CITY, UT  84106

REPUBLIC FINANCE LLC
282 TOWER RD
PONCHATOULA, LA  70454

SANTANDER CONSUMER USA INC.
PO BOX 560284
DALLAS, TX  75356-0284

SANTANDER CONSUMER USA, INC.
PO BOX 961245
FORT WORTH, TX  76161

SAVINGS ACCOUNT
, TX

SCOTT & ASSOCIATES PC
PO BOX 115220
CARROLLTON, TX  75011

SHEFFIELD FINANCIAL
BANKRUPTCY SECTION/100-50-01-51
PO BOX 1847
WILSON, NC  27894-1847

SHEFFIELD FINANCIAL
PO BOX 1847
WILSON, NC  27894

SPECIALIZED COLLECTION SYSTEMS
PO BOX 441508
HOUSTON, TX  77244

SUN LOAN #108
1712 S GORDON ST
ALVIN, TX  77511

SWC GROUP
4120 INTERNATIONAL PARKWAY #100
CARROLLTON, TX  75007

TRS RECOVERY SERVICES
1600 TERRELL MILL ROAD
MARIETTA, GA  30067

TXU ENERGY RETAIL COMPANY LLC
PO BOX 650393
DALLAS, TX  75265

WELLS FARGO DEALER SERVICES
1100 CORPORATE CENTER DR
RALEIGH, NC  27607

WESTERN SHAMROCK CORPORATION
DBA WESTERN FINANCE
84 VILLA RD SUITE 303
GREENVILLE, SC  29615

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-30043-H1 |
| | § | |
| Jason Earl Bockel | § | |
| Jodi Leigh Bockel | § | |
| | § | |
| | § | |
| DEBTORS | § | CHAPTER 13 |
| | § | |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

    (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

    (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

    (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

    (d) Fourth, the balance in any other Reserve account to the Debtor;

    (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

    (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

    (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

                                                MARVIN ISGUR  
                                              United States Bankruptcy Judge